UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL LAWRENCE VIANI,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, a LINCOLN FINANCIAL GROUP COMPANY fka LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,<br><br>　　　　　　Defendant. | Case No.: 3:21-cv-00004-BEN-DEB<br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR RECONSIDERATION OF MAGISTRATE JUDGE'S DISCOVERY ORDER**<br><br>[ECF No. 28] |

　　　　On September 23, 2021, the magistrate judge issued his Order on the parties' Joint Discovery Motion. Dkt. No. 23. Defendant THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, a Lincoln Financial Group Company formerly known as Liberty Life Assurance Company of Boston ("Defendant") moved this Court for reconsideration on October 7, 2021. Plaintiff PAUL LAWRENCE VIANI ("Plaintiff") filed his memorandum in opposition on October 18, 2021, and Defendant replied on October 25, 2021. Pursuant to Local Rule 7.1(d)(1), the Court submitted the matter without oral argument. Dkt. No. 32. After careful consideration of the parties' briefing and relevant legal authority, the Court **GRANTS** Defendant's Motion and modifies the

discovery order as discussed below.

## I. BACKGROUND

This is an ERISA case. Plaintiff challenges Defendant's denial of long-term disability benefits under a policy issued by Defendant during Plaintiff's employment at Qualcomm. Dkt. No. 1. Presently, the Court will only discuss the events that are relevant to the Defendant's Motion.

The disputed portion of the September 23, 2021 discovery order is as follows:

> Defendant's representations regarding the documents falling within [29 C.F.R.] § 2560.503-1(m)(8)(iii) (i.e., that Defendant "evaluated Plaintiff's claim on its individual merits based on the facts and circumstances of the claim and terms of the Group Policy at issue," and that Defendant "did not create any new documents to comply with the cited regulatory requirement," however, are unclear. Dkt. No. 23 at 29–30. Defendant's response leaves open the possibility that it has pre-existing documents responsive to this regulation and Plaintiff's RFP No. 5. If any such documents exist (regardless of when and why they were created or whether they were specifically relied upon), Defendant must produce them.

Dkt. No. 25, 12-13. Defendant challenges this ruling on the basis that Department of Labor ("DOL") regulations only require the production of documents used in making the benefit determination. Mot., Dkt. No. 28 at 1.

## II. STANDARD

The district judge must consider the appeal and not set aside any portion of a magistrate judge's order unless it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); FED. R. CIV. P. 72(a); *McKeever v. Block,* 932 F.2d 795, 799 (9th Cir. 1991). The clearly erroneous standard applies to factual findings. *United States v. McConney*, 728 F.2d 1195, 1200 (9th Cir. 1984), *overruled on other grounds by Maric v. Alvarado*, 748 Fed. Appx. 747 (9th Cir. 2018). After reviewing the entire record, the district judge must accept the magistrate judge's ruling unless the district judge is "left with a definite and firm conviction that a mistake has been committed." *Burdick v. Comm'r Internal Revenue Serv.*, 979 F.2d 1369, 1370 (9th Cir. 1992). This standard is

"significantly deferential" to the magistrate judge's judgment. *See Hernandez v. Tanninen*, 604 F.3d 1095, 1100 (9th Cir. 2010) (internal citation omitted). The contrary to law standard applies to legal conclusions and allows for *de novo* review. *McConney*, 728 F.2d at 1200; *see also* Schwarzer et al., *Fed. Civ. P. Before Trial*, § 16:278 (The Rutter Group 2013). A decision is contrary to law if it applies the wrong legal standard or neglects to consider all elements of the applicable standard. *See Hunt v. National Broadcasting Co.*, 872 F.2d 289, 292 (9th Cir. 1989).

## III.  DISCUSSION

Plaintiff argues that Defendant must produce documents responsive to Plaintiff's discovery request regardless of whether Defendant relied upon such documents, Dkt. No. 22, 28-29, while Defendant contends that it only needs to produce documents on which it relied in making the benefit determination, *id.* at 29. Magistrate Judge Butcher agreed with Plaintiff by ordering the production of responsive documents regardless of whether Defendant relied upon such documents. Dkt. No. 25 at 13.

Title 29 of the Code of Federal Regulations, section 2560.503-1(m)(8) provides the standard for what is relevant to a claimant's claim for benefits:

> A document, record, or other information shall be considered "relevant" to a claimant's claim if such document, record, or other information:
>
> (i)   Was relied upon in making the benefit determination;
>
> (ii)  Was submitted, considered, or generated in the course of making the benefit determination, **without regard to whether such document**, record, or other information **was relied upon** in making the benefit determination;
>
> (iii) Demonstrates compliance with the administrative processes and safeguards required pursuant to paragraph (b)(5) of this section in making the benefit determination; or
>
> (iv)  In the case of a group health plan or a plan providing disability benefits, constitutes a statement of policy or guidance with respect to the plan concerning the denied

> treatment option or benefit for the claimant's diagnosis, ***without regard to* whether such advice** or statement was **relied upon** in making the benefit determination.

(Emphasis added).

Regulations like the one in question here are legislative in character and have the force and effect of law. In determining the meaning of such regulations, courts should apply the canons of statutory interpretation. *See Wronke v. Marsh*, 787 F.2d 1569, 1579 (Fed. Cir. 1986) (citing *General Elec. Co. v. U.S.*, 610 F.2d 730, 734 (Ct. Cl. 1979). This Court agrees with Defendant's argument that interpreting Section (iii) to include all documents whether relied upon or not runs afoul of the *expression unius est exclusion alterius* canon of interpretation, which provides that "when a statute designates certain persons, things, or manners of operation, all omissions should be understood as exclusions." *Boudette v. Barnette*, 923 F.2d 754, 756-57 (9th Cir. 1991). The DOL could have inserted the "without regard" language from subparagraphs (ii) and (iv) into subparagraph (iii); it did not. Moreover, the DOL could have indicated it wanted the "without regard" language to apply to Sections (i)-(iv) by placing it in the main body of § 2560.503-1(m)(8); again, it did not. This Court assumes the placement of "without regard" in subparagraphs (m)(8)(ii) and (iv) and its omission from subparagraph (m)(8)(iii) is intentional, absent evidence to the contrary. Moreover, DOL guidance is consistent with this interpretation:

> As a concomitant to this general requirement, subparagraph (m)(8)(iii) further provides that, among the information that a plan must provide a claimant upon request after receiving an adverse benefit determination, is any information that the plan has generated or obtained in the process of ensuring and verifying that, **in making the particular determination**, the plan complied with its own administrative processes and safeguards that ensure and verify appropriately consistent decision making in accordance with the plan's terms. It is not the Department's intention in this regard to require plans to artificially create new systems for the sole purpose of generating documents that can be handed to a claimant whose claim is denied in order to satisfy this disclosure requirement. The Department anticipates that plans

> generally will have systems for ensuring and verifying consistent decision making that may or may not result in there being disclosable documents or information pertaining to an individual claims decision.

Employee Retirement Income Security Act of 1974; Rules and Regulations for Administration and Enforcement; Claims Procedure, 65 FR 70246-01 (emphasis added).

Here, the magistrate's determination that material that falls under the umbrella of subparagraph (m)(8)(iii) is discoverable "whether relied upon or not" is contrary to law. The plain and unambiguous language of the regulation, as well as DOL guidance, demonstrates this "whether relied upon or not" qualifier does not apply to discoverable materials under subparagraph (m)(8)(iii).

## IV.    CONCLUSION

Defendant's Motion for Reconsideration is **GRANTED**. The magistrate's discovery order is modified as follows:

<u>Current Version</u>: If any such documents exist (regardless of when and why they were created or whether they were specifically relied upon), Defendant must produce them.

<u>Modified Version</u>: If any such documents exist and such documents were relied upon in adjudicating Plaintiff's claim, Defendant must produce them.

**IT IS SO ORDERED.**

Dated: December 23, 2021

_____
**HON. ROGER T. BENITEZ**
United States District Judge